ALVAN T. FULLER, trading as PACKARD MOTOR CAR COMPANY OF BOSTON, *vs.* WILLIAM J. WEBSTER.

1.  SALES—CONDITIONAL SALES.

In Delaware, reservation of title in a sale conditioned on payment of the price or otherwise is good as against a *bona fide* purchaser without notice in this state.

2.  SALES—CONDITIONAL SALES—REMOVAL OF GOODS.

A conditional vendee cannot deprive the vendor of his property in goods, sold with reservation of title until full payment of the price or otherwise, by an unauthorized removal of the goods from the state, recognizing such contracts, where the sale was made, to a state not recognizing the right of a vendor to reserve title.

3.  SALES—CONDITIONAL SALE—CONFLICT OF LAWS.

An automobile conditionally sold in Massachusetts, where such contracts are valid as against *bona fide* purchasers without notice from the conditional vendee, when removed by the buyer to Pennsylvania, where such contracts are not recognized as valid against *bona fide* purchasers, was still subject to the rights of conditional vendor under the law of Massachusetts, where the contract was made, since a contract, in the instant case the only one whereby the vendee could claim any title, is to be governed by the *lex loci contractus*.

4. SALES—CONDITIONAL SALE—CONFLICT OF LAWS.

Where the vendee of an automobile conditionally sold in Massachusetts, where such contracts are recognized as valid against third persons, took the same into Pennsylvania, where such contracts are not so recognized, and sold to a third person with notice, who sold to defendant, a *bona fide* purchaser without notice, who brought the car into this state, where such contracts are recognized as in Massachusetts; the defendant's title to the car was indefeasible, since he had purchased in Pennsylvania, under the rule that the *lex loci rei* determines the status of personal property.

(*March* 26, 1915.)

Judges BOYCE and CONRAD sitting.

*Andrew C. Gray* (of *Ward, Gray and Neary*) for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, March Term, 1915.

Action by Alvan T. Fuller against William J. Webster. Judgment entered for defendant.

ACTION OF REPLEVIN (No. 94, September Term, 1914) to recover an automobile sold by the plaintiff under a conditional sale to one Duff, who subsequently sold to another. And the latter afterwards sold to the defendant. Writ of error sued out, — *Boyce* —.

The case coming on to be tried, counsel announced to the court that they had agreed that the case shall be tried by the court and judgment rendered upon their decision thereon as upon a verdict by a jury, pursuant to *Section* 23, *Article* 4, *Constitution* of 1897.

That the laws of Massachusetts and Pennsylvania may be proven either by the printed copies of the statutes of either state or by the printed copies of the reports of either state; that the motor car taken by the sheriff upon the writ of replevin and returned to the defendant under the bond taken, is the motor car mentioned in the declaration; that the value of the same is nineteen hundred dollars, with interest at five per cent. from September twenty-fifth, 1913; that the defendant purchased the automobile from a certain Lehne in the City of Philadelphia and State of Pennsylvania, and delivery was made in said city, and a payment made by the defendant to Lehne; that the defendant made all his negotiations with Lehne and was told by the latter

that he had bought the car and paid for it, and that the defendant is a *bona fide* purchaser for value without any notice whatever of any claim existing in anybody prior to Lehne's relation to the car; that he had absolutely no knowledge of the conditional contract and no knowledge of any relation between the plaintiff and a certain Duff, and had absolutely no knowledge of any conditional contract existing between the plaintiff and the Duffs; and that he had absolutely no knowledge of any contractural relation existing between the Duffs and Lehne as vendor, but that in all respects he was a purchaser for value of the car without notice in the said City of Philadelphia, and it was further admitted that Lehne is a financially responsible business man in Philadelphia and not a dealer in automobiles.

### ARGUMENT OF COUNSEL FOR PLAINTIFF.

A conditional sale, while recognized as valid and the title of the vendor maintained in both Massachusetts and Delaware, as against either attaching or execution creditors, or innocent purchasers for value, in Pennsylvania a conditional contract of sale is not recognized as against attachment or execution creditors or against a *bona fide* purchaser for value without notice.

The questions presented by the facts, then, are these:

(1) Did the husband of Mrs. Duff, in Massachusetts, and Lehne have any right to contract in reference to the automobile?

(2) Did Lehne, by said contract, secure even a colorable title, subject to the conditions of the conditional sale?

(3) Was not the transfer by Duff to Lehne tortious, so that Lehne never had any title to transfer to Mr. Webster, the defendant?

(4) The car not having been taken by Lehne for an antecedent debt, but an attempt having been made to purchase the same from John W. Duff, Lehne having seen the contract of conditional sale and stated that he would take a chance, did Lehne, upon removing the car to Pennsylvania, secure any title by the fact of such removal?

(5) Does such tortious act of Lehne's, of selling the car in Pennsylvania to an innocent purchaser, without notice, give the innocent purchaser a title in equity superior to the antecedent title of the plaintiff vendor.

Pennsylvania recognizes the well-known principle that a contract given in the state in which it is made will be held valid and enforceable according to the *lex loci contractus*, excepting where it contravenes the public policy of Pennsylvania. *Forepaugh v. Del., etc. R. R. Co.*, 128 *Pa.* 217, 18 *Atl.* 503, 5 *L. R. A.* 508, 15 *Am. St. Rep.* 672; *Reid v. Gray*, 37 *Pa.* 508, 78 *Am. Dec.* 444; *Davis et ux. v. Zimmerman*, 67 *Pa.* 70; *Henry v. Phila. Warehouse Co.*, 81 *Pa.* 76; *Armitage v. Spahn*, 4 *Pa. Dist. R.* 270.

The general principle of the law is that the law of the place of the contract will be observed, unless it contravenes the public policy or law of the state where the property is found.

*Minor* on the *Conflict of Laws* discusses the general question at *Sections* 129, 130, 132.

See, also, *Weinstein v. Freyer*, 93 *Ala.* 257, 9 *South.* 285, 12 *L. R. A.* 700; *Smith v. Union Bank*, 5 *Pet.* 518, 8 *L. Ed.* 212; *Story* on the *Conflict of Laws*, § 38; *Edgerly v. Bush*, 81 *N. Y.* 199; *Martin v. Hill*, 12 *Barb.* (*N. Y.*) 631; *Taylor v. Boardman*, 25 *Vt.* 581; *Flint Wagon Works v. Maloney*, 3 *Boyce* (*Del.*) 137, 81 *Atl.* 502; *E. I. Du Pont de Nemours Company v. Jones Bros.* (*D. C.*) 200 *Fed.* 638.

An examination of the authorities would seem to show that the *lex fori et sitae* must prevail and that the policy of the State of Delaware recognizing conditional sales, and therefore the validity of the conditional sale in Massachusetts, the Massachusetts vendor may pursue his property, and, if found within the State of Delaware, enforce his contract.

*First*, if the removal to Pennsylvania by Lehne was tortious and gave to Lehne no color of title, then the position of the defendant, Webster, could be no better than the position of a purchaser of stolen goods.

*Second*, even if Lehne had a colorable title, by which an innocent purchaser for value from Lehne could secure a title good as against all the world, in Pennsylvania, yet such a title in this

case cannot prevail against the title of the plaintiff in the Delaware courts. *Hoe v. Rex Mfg. Co.*, 205 *Mass.* 214, 91 *N. E.* 154; *Lees v. Harding, Whitman & Co.* (*N. J.*) 60 *Atl.* 352 (356); *Shapard v. Hynes*, 104 *Fed.* 449, 45 *C. C. A.* 271, 52 *L. R. A.* 675; *French v. Hall*, 9 *N. H.* 137, 32 *Am. Dec.* 341; *Langworthy v. Little*, 12 *Cush.* (*Mass.*) 109; *Barrett's Assignee v. Kelley*, 66 *Vt.* 515, 29 *Atl.* 809, 44 *Am. St. Rep.* 862.

### ARGUMENT OF COUNSEL FOR DEFENDANT.

The contract under which the defendant acquired title to the automobile was made in Pennsylvania; the property was situate in the State of Pennsylvania, and delivery and payment were made there. It is not necessary for the court to enter into any questions as to whether the place where the contract is made, the place where the contract is to be performed, the *situs* of the property, or any other test which has been adopted under varying conditions, shall be applied. The contract is governed by the laws of Pennsylvania. 35 *Cyc.* 666, and cases cited; *Cammell.v. Sewell*, 5 *H. & N.* 728; *Weinstein v. Freyer*, 93 *Ala.* 257, 9 *South.* 285, 12 *L. R. A.* 700; *Public Parks Amusement Co. v. Company*, 64 *Ark.* 29, 40 *S. W.* 582 (see also cases cited); *Bryant v. Swofford & Co.*, 214 *U. S.* 279, 29 *Sup. Ct.* 614, 53 *L. Ed.* 997.

Under the well-recognized law of the State of Pennsylvania, a *bona fide* purchaser for value without notice takes a good title to personal property which is held by his vendor under a contract of conditional sale. *Stadtfeld v. Huntsman*, 92 *Pa.* 53, 37 *Am. Rep.* 661; *Chamberlain v. Smith*, 44 *Pa.* 431; *Rose v. Story*, 1 *Pa.* 190, 44 *Am. Dec.* 121; *Martin v. Mathiot*, 14 *Serg. & R.* 214, 16 *Am. Dec.* 491; *Haak v. Linderman*, 64 *Pa.* 499, 3 *Am. Rep.* 612; *Dearborn v. Raysor*, 132 *Pa.* 231, 20 *Atl.* 690; *Farquhar v. McAlevy*, 142 *Pa.* 233, 21 *Atl.* 811, 24 *Am. St. Rep.* 497; *Electric Co. v. Brown*, 193 *Pa.* 351, 44 *Atl.* 459; *Roller Co. v. Spyker*, 215 *Pa.* 332, 64 *Atl.* 546; *Harkness v. Russell*, 118 *U. S.* 663, 667, 7 *Sup. Ct.* 51, 30 *L. Ed.* 285; *York Mfg. Co. v. Cassell*, 201 *U. S.* 344, 26 *Sup. Ct.* 481, 50 *L. Ed.* 782; *Marvin Safe Co. v. Norton*, 48 *N. J. Law*, 410, 7 *Atl.* 418, 57 *Am. Rep.* 566; *Weinstein v. Freyer*, 93 *Ala.* 257, 9 *South.* 285, 12 *L. R. A.* 700.

This court has recognized the same principle in the case of *Flint Wagon Works v. Malony*, 3 *Boyce* 137, 81 *Atl.* 502.

From the above authorities, it is manifest that Webster took good title to the automobile purchased by him in the State of Pennsylvania, notwithstanding the fact that if the sale had been made in Massachusetts or in Delaware, it would have been subject to the rights of the original vendor. *Williston on Sales*, § 339, *p.* 540.

BOYCE, J., delivering the opinion of the court:

The plaintiff sold the automobile in question to one Duff of the City of Boston, State of Massachusetts, in September, 1913, reserving title in the machine until the price therefor, secured by two notes, should be paid. One of the notes for nineteen hundred dollars has not been paid. The sale and delivery so made were completed in the State of Massachusetts. Some time later in the fall, the conditional vendee sold and delivered the machine in Boston to one Lehne, a *bona fide* purchaser with notice, who removed the machine to the State of Pennsylvania where he resided.

By the law of Massachusetts the plaintiff's reservation of title was valid between the original parties, and against Lehne.

Subsequently, in February following, Lehne sold and delivered the machine in Pennsylvania to the defendant Webster, a *bona fide* purchaser without notice. In Pennsylvania conditional sales are recognized and enforced as between the original parties and subsequent purchasers with notice, but are invalid as against *bona fide* creditors and purchasers without notice.

[1] The law of conditional sales in Delaware is in effect the same as in Massachusetts.

[2] A conditional vendee cannot as a general rule deprive the vendor of his property in goods sold by an unauthorized removal thereof.

[3, 4] Lehne himself took the machine into Pennsylvania with a defective title under the law of Massachusetts. When, however, he sold it in Pennsylvania to Webster, the defendant, a *bona fide* purchaser without notice, title in the property under

the law of Pennsylvania vested in Webster. When he brought the machine into this state where he resides, he came with a good title under the law of Pennsylvania.

The plaintiff having replevied the machine under process issued out of this court, the question is whether the title in the property with the right of possession is in the plaintiff, or in the defendant. Is the law of Massachusetts or of Pennsylvania to govern the title of the defendant? The principles of law applicable to the question are first that a contract is to be interpreted and enforced according to the *lex loci contractus*, and second that the status of personal property is governed by the *lex loci rei*. When the automobile was taken from Massachusetts to Pennsylvania it was subject to the rights of the conditional vendor under the law of the place where the contract of conditional sale was made. But the property having been removed to Pennsylvania, the *lex loci rei* became applicable, and upon the sale of the automobile to Webster, a *bona fide* purchaser without notice, the rights of the conditional vendor were divested and lost; and under what seems to be a safe rule that the law of the place where the subsequent dealings occur will govern, Webster took an unconditional title in the property in Pennsylvania. With such a title, therefore, Webster brought his property into this state, subject to the law of Pennsylvania, governing conditional sales, and not that of Massachusetts. *Minor on Conflict of Laws*, § 130, and cases cited.

The fact that the courts of this state recognize the rights of conditional vendors, even as against *bona fide* purchasers without notice, is, it seems to the court, unimportant in the determination of this case.

It is the opinion of the court that Webster took a good title to the automobile in question purchased by him in the State of Pennsylvania, and that the law of the latter state governs, notwithstanding the fact that if the sale had been made in Massachusetts, or in this state, it would have been subject to the rights of the plaintiff under the terms of the contract of conditional sale. The evidence and admissions in the case make it unneces-

Judgment.

sary to consider the plaintiff's contention that John W. Duff had no authority to sell the automobile.

Therefore, upon the decision now rendered by the court, it is ordered that judgment be entered in favor of the defendant, with six cents costs, besides the cost of this suit expended.